UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR NATIONAL SECURITY STUDIES, <u>et al.</u>, : : : | **FILED** |
| : | FEB 2 1 2002 |
| Plaintiff, : : | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |
| v. : : | Civil Action<br>No. 01-2500 (GK) |
| DEPARTMENT OF JUSTICE, : : | |
| Defendant. : : | |

<u>MEMORANDUM OPINION</u>

Plaintiffs bring this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 action to obtain information regarding the individuals detained in connection with the Government's investigation of the terrorist attacks of September 11, 2001.  The matter is before the Court on Plaintiffs' Motion to Stay Proceedings on Defendant's Summary Judgment Motion Pending Discovery pursuant to Fed. R. Civ. P. 56(f).

The Court is mindful of the significance of the issues raised by Plaintiffs' action and of the public's interest in learning "what their government is up to."  <u>United States Dep't of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 773 (1989)(internal citation omitted).  However, upon careful consideration of all the papers, and the entire record herein, the Court **denies** Plaintiffs' Motion and request for discovery for the



17

following reasons.

1. Discovery in FOIA actions is generally not available. Judicial Watch, Inc. v. Export-Import Bank, 108 F.Supp. 2d 19, 25 (D.D.C. 2000); Public Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72 (D.D.C. 1998)("Discovery is to be sparingly granted in FOIA actions."), aff'd in part, rev'd in part & remanded, 185 F.3d 898 (D.C. Cir. 1999). Specifically, discovery is typically limited to the scope of an agency's search, its indexing and classification procedures, and similar factual matters.   See, e.g., Public Citizen, 997 F. Supp. at 72.   Discovery is not appropriate where agency affidavits "describe the documents and the justifications for nondisclosure in reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."   Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1978).

2.   In order to obtain discovery under Fed. R. Civ. P. 56(f), a plaintiff must demonstrate that it "cannot for reasons stated present by affidavit facts essential to justify [its] opposition." Plaintiff must establish how the specific discovery requested would create a genuine issue of material fact.   See Carpenter v. Federal Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999).

3.   Plaintiffs do not satisfy these afore-mentioned standards. As discussed below, Plaintiffs seek four categories of information,

2

none of which advances their ability to respond to Defendant's
Motion or would create a triable issue of material fact.

a. Number of Detainees

Plaintiffs seek the numbers of detainees who the Government
has determined do <u>not</u> have any terrorist connection at this time.
In particular, they want information on the numbers of detainees
who have been (1) released from custody, (2) deported, and (3)
granted voluntary departure.   <u>See</u> Pls.' Reply at 3.

However, the number of detainees in each of these categories
is not relevant to resolving on summary judgment the validity of
Defendant's withholdings.   Defendant has invoked Exemptions 7(A),
(C), and (F) in support of its Summary Judgment Motion and argues
that release of the withheld information about <u>all</u> detainees "<u>even
as to those detainees not currently of investigative interest</u>,
could harm [its] investigation, as well as endanger the safety of
the public and the safety of the detainees and threaten their
privacy."   Def's Opp'n. at 11 (emphasis added).   In light of this
argument, discovery of the number of detainees who are no longer of
"investigative interest" (whether they have been released,
deported, or voluntarily departed) will not help Plaintiffs oppose
Defendants' Motion.[1]   Plaintiffs' request is therefore **denied.**

---

[1] Plaintiffs request these numbers on the theory that "it is
essential to the government's assertions about the harms to its
investigation and enforcement activities that could result from
disclosure . . .that the detainees are individuals involved in
terrorism or having[sic] knowledge about terrorism."   Pls.' Mot. at

### b. Central File of Newspaper Clippings

Plaintiffs also seek "copies of Defendant's central file of newspaper clippings and similar publications that purport to identify detainees." Id. at 6, n.2.   Plaintiffs can readily obtain this information from other sources found in the public domain.  Furthermore, Plaintiffs made its request for discovery of these holdings for the first time in its Reply brief, and the Government has not had an opportunity to respond to this request. See Pls.' Reply at 6, n.2.  Consequently, Plaintiffs' request for the central file is **denied**.

### c. Adequacy of Defendant's Search

Plaintiffs seek discovery of information that would reveal the "completeness of Defendant's response and the adequacy of the search." Id.   Plaintiffs believe that various discrepancies concerning the number of detainees in Defendant's original declaration warrant this discovery.  However, Defendant has cured the discrepancies originally highlighted by Plaintiffs by submitting a detailed supplemental declaration explaining the inconsistencies. See Supplemental Declaration of James S. Reynolds (Attached as Exhibit 1 to Def's Opp'n.).  The Court has carefully reviewed and compared the original and supplemental declarations,

---

14.   As noted above, Defendants maintain that all of its withholdings, including withholdings pertaining to detainees cleared of terrorist connections, would harm its investigation and jeopardize the safety and privacy of the detainees and of their attorneys.

and concludes that the numerical inconsistences--now clarified by the supplemental declaration--do not call into question the adequacy of Defendant's search.  Nor is there anything else in the declarations to suggest impropriety or bad faith on the part of Defendant that would justify discovery.  <u>See, e.g.</u>, <u>Carney v. United States Dep't of Justice</u>, 19 F.3d 807, 812 (2nd Cir. 1994)("In order to justify discovery...plaintiff must make a showing of bad faith...sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence than an exemption claimed by the agency should not apply")(citations omitted).

Furthermore, as the Government's supplemental declaration clarified many of Plaintiffs' concerns, the only remaining information they request relates to two documents already disclosed to them.  This information does not appear "essential" to opposing Defendant's Motion for Summary Judgment.[2]  Accordingly, Plaintiffs' discovery request is **denied**.

d. Language of Sealing Orders

Finally, Plaintiffs want the language of all court orders on which Defendant relies in asserting that it is precluded from

---

[2] Plaintiffs seek the following: (1) any additional documents related to a document already released to Plaintiffs entitled "draft talking points prepared...for the ultimate use of the Attorney General" and (2) any additional documents similar to a document released to Plaintiffs that sets forth procedures implemented by the Attorney General regarding the closing of hearings in Immigration Court to the public.  <u>See</u> Pls.' Reply at 7. Plaintiffs have not indicated how these additional documents, if they exist, would create a triable issue of material fact.

identifying the judicial districts in which sealed criminal cases are pending or in which material witness warrants have been issued. Notably, only ten such orders that have been issued nationwide. See Declaration of James S. Reynolds ("Reynolds Decl.") ¶ 39 (Attached to Def's Mot. for Summ. J.). Furthermore, should the Court consider this information necessary to resolving Defendant's Motion, it will order Defendant to submit it for in camera review. Accordingly, Plaintiffs' request for the language of court orders is **denied without prejudice** at this time.

For all the foregoing reasons, Plaintiff's Motion to Stay Proceedings on Defendant's Summary Judgment Motion pending discovery is denied. An Order will issue with this Memorandum Opinion.

_Feb. 20, 2002_
Date

_Gladys Kessler_
Gladys Kessler
United States District Judge

**Copies to:**
David L. Sobel
Electronic Privacy Information Center
1718 Connecticut Avenue, NW #200
Washington, D.C. 20009

Arthur B. Spitzer
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW #119
Washington, D.C. 20036

Kate Martin
Center for National Security Studies
2130 H Street, NW #701
Washington, D.C. 20037

Steven R. Shapiro
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004

David Anderson
Anne Weismann
Lisa Olson
United States Department of Justice
Civil Division, Room 1042
901 E Street, NW
Washington, D.C. 20530